**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**
**CASE NO. 1:16-cv-21119-XXXX**

LISA CALDEN,

      Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a Carnival Cruise Line,

      Defendant.

_____/

## COMPLAINT IN ADMIRALTY

Plaintiff sues Defendant and alleges as follows:

## PRELIMINARY ALLEGATIONS

1.  Plaintiff, LISA CALDEN, is a citizen of the United States and resident of the state of Florida.

2.  Defendant, CARNIVAL CORPORATION d/b/a Carnival Cruise Line (hereinafter "Carnival"), is a Panamanian corporation that maintains its principal place of business in Florida.

3.  This matter falls under the admiralty and maritime jurisdiction of this Court.

4.  At all times material hereto, Defendant Carnival, personally or through an agent:

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or country;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.   The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, M/V *Carnival Glory*.

5.   At all times material hereto, Defendant Carnival is subject to the jurisdiction of the Courts of this state.

6.   At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

7.   At all times material hereto, Defendant Carnival owned, operated, managed, maintained and/or controlled the M/V *Carnival Glory*.

8.   On or about July 5, 2015, Plaintiff was a paying passenger aboard the M/V *Carnival Glory*, which was in navigable waters.

9.   On or about the night of July 5, 2015, Plaintiff slipped and fell on a wet, slippery step while walking up the outdoor staircase located on Deck 10 of the M/V *Carnival Glory*.  At the time of her incident, Plaintiff used all reasonable care under the circumstances for her own safety.   As a result of Carnival's negligence, Plaintiff was injured.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. It was the duty of Defendant Carnival to provide Plaintiff with reasonable care under the circumstances.

11. On or about July 5, 2015, Defendant Carnival and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. On or about July 5, 2015, Plaintiff was injured due to the fault and/or negligence of Defendant Carnival and/or its agents, servants, joint ventures and/or employees as follows:

    a.  Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstances;

    b.  Failure to provide safe passage aboard its vessel, the M/V *Carnival Glory*;

    c.  Failure to maintain the area where Plaintiff's incident occurred in a reasonably safe condition;

    d.  Failure to maintain the area where Plaintiff's incident occurred free from unreasonable slipping hazard(s);

    e.  Failure to provide lighting and/or adequate lighting in the area where Plaintiff's incident occurred;

    f.  Failure to maintain lighting and/or adequate lighting in the area where Plaintiff's incident occurred;

    g.  Failure to remain the step on which Plaintiff slipped and fell in a reasonably safe condition;

    h.  Failure to provide a slip resistant steps;

    i.  Failure to inspect and/or adequately inspect the area where Plaintiff's incident occurred for hazardous and/or dangerous condition(s);

    j.  Failure to routinely inspect the area where Plaintiff's incident occurred for hazardous and/or dangerous condition(s);

k.   Failure to provide lighting and/or adequate lighting in the area where the Plaintiff's incident occurred;

l.   Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to slip and fall;

m.  Failure to warn and/or adequately warn the Plaintiff of the dangerous and/or hazardous condition(s) posed to her;

n.   Failure to mark and/or highlight the hazardous and/or dangerous condition(s) which caused Plaintiff to suffer her incident;

o.   Failure to adequately mark and/or highlight the hazardous and/or dangerous condition(s) which caused Plaintiff to suffer her incident

p.   Failure to correct the dangerous and/or hazardous condition(s) which caused Plaintiff to suffer her incident;

q.   Failure to eliminate and/or modify the dangerous and/or hazardous condition(s) which caused Plaintiff to suffer her incident;

r.   Failure to promulgate and/or enforce rules, policies and/or procedures with regard to preventing slip and fall incidents from occurring aboard Defendant's cruise ships, in particular here the M/V *Carnival Glory*;

s.   Failure to promulgate and/or enforce adequate rules, policies and/or procedures with regard to preventing slip and fall incidents from occurring aboard Defendant's cruise ships, in particular here the M/V *Carnival Glory*;

t.   Failure to close off access to the area where Plaintiff suffered her incident until the dangerous and/or hazardous condition(s) which caused her incident was corrected, modified, and/or eliminated; and/or,

4

u.  Failure to ascertain the cause of prior similar accidents happening on any of the

Defendant's vessels fleet wide so as to take adequate measures to prevent their

reoccurrence, and more particularly Plaintiff's incident,

All of which caused and/or contributed to the Plaintiff becoming injured when she slipped

and fell on a wet, slippery step while walking up the outdoor staircase located on Deck 10 of the

M/V *Carnival Glory*.

13. At all times material, Defendant Carnival had exclusive custody and control of the M/V

*Carnival Glory*.

14. At all times material, Defendant Carnival violated the International Safety Management

Code's goals and intent and failed to have properly, adequately and safely implement the

International Safety Management Code and by extension its own SQM Manual.

15. At all times material, Defendant Carnival failed to have an adequate Safety Management

System Manual aboard the M/V *Carnival Glory*, and/or failed to properly implement the Safety

Management System Manual aboard the M/V *Carnival Glory*.

16. Defendant Carnival knew of the foregoing conditions causing Plaintiff's incident and did

not correct them, or the conditions existed for a sufficient length of time so that Carnival, in the

exercise of reasonable care under the circumstances, should have learned of them and corrected

them.

17. As a result of the negligence of Carnival, the Plaintiff was injured about Plaintiff's body

and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability,

disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous

disorders, suffered the aggravation of any previously existing conditions and incurred medical

expenses in the care and treatment of Plaintiff's injuries, including psychiatric and life care.  The

Plaintiff also lost earnings and lost earning capacity both past and future as well as losing the benefit of Plaintiff's entire vacation, cruise and transportation costs.  Further, the injuries resulting from this incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairment into the future.

**WHEREFORE,** the Plaintiff, Lisa Calden, demands judgment for all damages recoverable under the law against Defendant, Carnival Corporation d/b/a Carnival Cruise Line.

*Respectfully submitted,*

**LIPCON, MARGULIES, ALSINA
& WINKLEMAN, P.A.**
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
Miami, Florida 33131
Telephone: (305) 373 – 3016
Facsimile:  (305) 373 – 6204
E-mail: Dvillarreal@lipcon.com
E-mail: Mwinkleman@lipcon.com

By:  *s/David A. Villarreal*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    **DAVID A. VILLARREAL**
    Florida Bar No. 100069